**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Criminal Action No. 14-cr-00427-CMA-11

UNITED STATES OF AMERICA,

    Plaintiff,

v.

HUGO ANTONIO RAMIREZ-ARGUETA,

    Defendant.

**ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**

This matter is before the Court on Defendant Hugo Antonio Ramirez Argueta's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. # 621.) For the following reasons, Defendant's Motion is denied without prejudice.

## I. ANALYSIS

On May 14, 2015, Defendant pled guilty to one count of knowingly and intentionally conspiring to conduct or attempt to conduct a financial transaction affecting interstate or foreign commerce, where the transaction involved the proceeds of a specified unlawful activity in violation of 18 U.S.C. § 1956(a)(1)(A)(i), (h), and (2).[1] (Doc. # 257) (minute entry for Change of Plea Hearing); (Doc. # 1) (Indictment). Defendant

---

[1] The specified unlawful activity was conspiracy to distribute or possess with intent to distribute one or more of the following controlled substances: heroin, methamphetamine, or cocaine, in violation of 21 U.S.C. § 846. (Doc. # 258 at 2.)

was sentenced on August 26, 2015, to a term of 180 months of imprisonment in the Bureau of Prisons ("BOP") and three years of supervised release. (Doc. ## 372–73.) In the instant Motion, Defendant is seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) because he has a weak immune system, which makes him especially vulnerable to the COVID-19 virus.

18 U.S.C. § 3582(c)(1)(A) imposes a requirement on a defendant requesting compassionate release to exhaust all administrative rights before seeking such relief. *See United States v. Perry*, No. 18-cr-00480-PAB, 2020 WL 1676773, at *1 (D. Colo. Apr. 3, 2020). Specifically, Section 3582(c)(1)(A) authorizes a district court, in relevant part, to modify a term of imprisonment upon motion of the defendant, and in certain circumstances, "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier[.]" 18 U.S.C. § 3582(c)(1)(A).

In the instant action, Mr. Ramirez Argueta's Motion is devoid of any reference to his compliance with, or attempt to comply with, administrative exhaustion requirements. (Doc. # 621.) Indeed, Defendant has not alleged that he submitted any request to the warden of his facility. When a defendant fails to satisfy Section 3582(c)(1)(A)'s exhaustion requirement, a court is "without jurisdiction to entertain [the defendant's] request for compassionate release." *Perry*, 2020 WL 1676773, at *1 (quoting *United*

*States v. Keith*, No. CR-16-62-D, 2019 WL 6617403, at *1 (W.D. Okla. Dec. 5, 2019)).[2] Accordingly, this Court does not have jurisdiction to consider Mr. Ramirez Argueta's request for compassionate release and is unable to grant him the relief he requests prior to his exhaustion of the administrative remedies that are available.

## II.  CONCLUSION

Based on the foregoing, the Court ORDERS that Defendant's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) (Doc. # 621) is DENIED WITHOUT PREJUDICE.

DATED: May 29, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge

---

[2] *See also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) (concluding that failure to satisfy exhaustion requirement "presents a glaring roadblock foreclosing compassionate release"); *United States v. Rabadi*, No. 13-CR-353 (KMK), 2020 WL 1862640, at *3 (S.D.N.Y. Apr. 14, 2020) ("[A] failure to satisfy 18 U.S.C. § 3582(c)(1)(A)'s filing requirements bars defendants from filing motions for compassionate release, and . . . the judiciary has no power to craft an exception to these requirements for defendants seeking release during the COVID-19 pandemic.") (collecting cases).